UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,              CRIMINAL NO. 07-20156

v.                            HON. AVERN COHN

D-3 SAMAR KHALIL SPINELLI,     VIO.  18 U.S.C. § 371
a/k/a "Samar Khalil Deladurantaye,"          18 U.S.C. § 1542
a/k/a "Samar Khalil Nabbouh,"

        Defendant.

_____/

## FOURTH SUPERSEDING INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### General Allegations

1. On July 6, 1989, SAMAR KHALIL SPINELLI, also known as "Samar Khalil Deladurantaye," also known as "Samar Khalil Nabbouh," also known as "Captain Samar Spinelli, U.S. Marine Corps," defendant herein, first entered the United States from Lebanon on a two year non-immigrant student visa.

2. Defendant resided in Taylor, Michigan with her friends, Nada Nadim Prouty, also known as "Nada Nadim Al Aouar," also known as Nada Nadim Deladurantaye," also known as "Nada Nadim Alley," and Elfat Nadim El Aouar, also known as "Elfat Aouar," also known as "Elfat Nadim Wymer," also known as "Elfat Chahine," also known as "Lola."

3. On an unknown date between July 6, 1989 and April 13, 1990, defendant offered money to a United States citizen to marry her, expressly for the purpose of remaining in the United States and evading U.S. immigration laws.

4. On April 13, 1990, defendant married the U.S. citizen in a civil ceremony in St. Clair Shores, Michigan. As planned, defendant never lived as husband and wife with her fraudulent "husband" and the marriage was never consummated sexually. Rather, defendant continued to live with Nada Nadim Prouty and Elfat Nadim El Aouar.

5. Between May 9, 1990 and May 24, 1994, SAMAR KHALIL SPINELLI, then known as "Samar Khalil Deladurantaye," defendant herein, submitted a series of written statements under oath to immigration authorities purporting to verify the validity of the fraudulent marriage.

6. On September 29, 1992, the signature of defendant's fraudulent husband was forged on Form I-751, Petition to Remove the Conditions on Residence under penalty of perjury and just below a certification that the marriage "was not for the purpose of procuring an immigration benefit."

7. On September 2, 1994, SAMAR KHALIL SPINELLI, defendant herein, procured her United States citizenship under the name "Samar Khalil Nabbouh."

8. On August 21, 1995, SAMAR KHALIL SPINELLI, defendant herein, caused to be filed in the Wayne County, Michigan, Circuit Court a Complaint for Divorce wherein she falsely alleged that she and her fraudulent husband "lived and cohabited together as husband and wife until on or about December 14, 1994."

2

9. On or about, August 8, 1994, SAMAR KHALIL SPINELLI, defendant herein, obtained a U.S. Passport based upon her fraudulently obtained U.S. Citizenship, and thereafter renewed it when required.

10. At various times between July 5, 2001 and May 17, 2007, SAMAR KHALIL SPINELLI, defendant herein, traveled to, from and outside the United States on a U.S. Passport.

## COUNT ONE
### (Conspiracy – 18 U.S.C. § 371)

D-3 SAMAR KHALIL SPINELLI

The general allegations set forth above are hereby incorporated by reference as if fully set forth herein.

From on or about April 10, 1990 through the date of this Information, within the Eastern District of Michigan, Southern Division, and elsewhere, SAMAR KHALIL SPINELLI, defendant herein, conspired and agreed together with Nada Nadim Prouty, Elfat Nadim El Aouar, and others both known and unknown to the United States Attorney:

1) to defraud the United States of valuable benefits of U.S. citizenship including U.S. passports and U.S. government employment; and

2) to commit the following offenses against the United States:

a. Marriage Fraud in violation of 8 U.S.C. § 1325(c);

b. Naturalization Fraud in violation of 18 U.S.C. § 1425(a);

c. False Statements Under Oath in Naturalization Proceedings

3

in violation of 18 U.S.C. § 1015(a);

d. Use of Fraudulently Procured Proof of U.S. Citizenship in violation of 18 U.S.C. § 1015(c); and

e. Use of Fraudulently Procured U.S. Passports in violation of 18 U.S.C. § 1542.

## Ways, Manner and Means

The ways, manner and means of the conspiracy are described as follows.

It was part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, entered the United States from Lebanon on a non-immigrant student or visitor visa.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, failed to depart the United States as scheduled on their visa.

It was further a part of the conspiracy that the alien members of the conspiracy, including SAMAR KHALIL SPINELLI, defendant herein, with the assistance of one another, located U.S. citizens willing to marry them in exchange for money.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, entered into marriages with the hired U.S. citizens in name only, having no intention of living together as husband and wife and solely for purposes of evading U.S. immigration laws.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, caused their U.S. citizen husbands to sign immigration documents under oath verifying the validity of the fraudulent

4

marriages and falsely claiming to be residing with their wives.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, resided together at the same address both before and after their marriage ceremonies.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, in coordination with one another, solicited falsified letters from persons claiming to know their fraudulent husbands and verifying the legitimacy of the fraudulent marriages.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, in coordination with one another, forged letters by real or fictional individuals purporting to verify the legitimacy of the fraudulent marriages.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, in coordination with one another, forged the signatures of their fraudulent husbands on official immigration documents.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, served as references for one another to backstop any inquiries into their fraudulent marriages.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, obtained documentation permitting them to permanently live and reside in the United States.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI,

defendant herein, and other co-conspirators, traveled internationally in and out of the United States once they had obtained permission to permanently live and reside in the United States.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, obtained United States citizenship and naturalization certificates as proof of their citizenship.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other  co-conspirators, in coordination with one another, divorced their fraudulent U.S. citizen husbands shortly after obtaining their naturalization certificates.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, in coordination with one another, caused documents containing false statements attesting to the validity of the marriages to be submitted to the Wayne County (Michigan) Circuit Court to effectuate divorce proceedings. Like the marriages and immigration file submissions, the divorces were coordinated, timed, and scripted, utilizing the same mailing address and the same attorney.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, utilized their naturalization certificates to obtain U.S. passports permitting them to travel internationally as U.S. citizens.

It was further a part of the conspiracy that SAMAR KHALIL SPINELLI, defendant herein, and other co-conspirators, utilized their U.S. passports to travel to

various countries around the world as U.S. citizens.

## Overt Acts

In furtherance of the conspiracy, and to effect the objects thereof, SAMAR KHALIL SPINELLI, defendant herein, and her co-conspirators committed and caused to be committed the following overt acts, among others, in the Eastern District of Michigan and elsewhere:

1. While applying for employment with the Federal Bureau of Investigation, on or about April 21, 1997, Nada Nadim Prouty, then known as "Nada Nadim Alley," signed Form FD-140 stating that her divorce from her first marriage was due to "irreconcilable differences."

2. While applying for employment with the Federal Bureau of Investigation, on or about April 21, 1997, Nada Nadim Prouty, then known as "Nada Nadim Alley," signed Form FD-140 referencing her naturalization certificate number as proof of her U.S. citizenship.

3. While applying for employment with the Federal Bureau of Investigation, on or about April 21, 1997, Nada Nadim Prouty, then known as "Nada Nadim Alley," signed Form FD-140 listing SAMAR KHALIL SPINELLI, defendant herein, as a reference.

4. While applying for employment with the Federal Bureau of Investigation, on or about April 21, 1997, Nada Nadim Prouty, then known as "Nada Nadim Alley," signed Form FD-140 stating that she was not "aware of any information about [her]self or any person with whom [she is or has] been closely associated (including

7

relatives and roommates) which might tend to reflect unfavorably on [her] reputation, morals [or] character . . . ."

5. While applying for employment with the Federal Bureau of Investigation, on or about April 21, 1997, Nada Nadim Prouty, then known as "Nada Nadim Alley," signed Form FD-140 referencing the naturalization certificate number of her sister, Elfat Nadim El Aouar, as proof of her sister's U.S. citizenship.

6. While applying for employment with the Federal Bureau of Investigation, on or about April 21, 1997, Nada Nadim Prouty, then known as "Nada Nadim Alley," signed Form FD-140 listing Elfat Nadim El Aouar as a reference.

7. On October 7, 1998, Elfat Nadim El Aouar was interviewed by the FBI as part of Nada Nadim Prouty's background check, providing no derogatory information to the FBI notwithstanding her knowledge of Nada Nadim Prouty's fraudulent marriage, naturalization fraud and participation in this conspiracy.

8. On or about September 11, 1998, Nada Nadim Prouty, then known as "Nada Nadim Alley," told FBI Special Agent John Camera that she was concealing no matters in her background which could be used for purposes of pressuring or influencing her.

9. On or about October 15, 1998, SAMAR KHALIL SPINELLI, defendant herein, told an FBI Special Agent that she was not aware of any activity or conduct in the background of Nada Nadim Prouty, then known as "Nada Nadim Alley," which could be used in any way to subject her to influence, pressure, coercion or compromise, or which would negatively reflect upon Prouty's character.

8

10. While applying for employment with the Central Intelligence Agency (CIA), on or about February 15, 2003, Nada Nadim Prouty, signed Form SF-86 referencing her naturalization certificate number as proof of her U.S. citizenship.

11. While applying for employment with the CIA, on or about February 15, 2003, Nada Nadim Prouty, signed Form SF-86 referencing her fraudulent marriage and identifying her fraudulent husband as a former "spouse."

12. While applying for employment with the CIA, on or about February 15, 2003, Nada Nadim Prouty, signed Form SF-86 referencing the naturalization certificate number of her sister, Elfat Nadim El Aouar, as proof of her sister's U.S. citizenship.

13. On or about September 8, 2007, SAMAR KHALIL SPINELLI, defendant herein, told Nada Nadim Prouty that the United States Marine Corps had extracted her from combat in Iraq and that Special Agents of the Federal Bureau of Investigation had questioned her about the marriage frauds that defendant, Prouty and Elfat Nadim El Aouar had committed.

All in violation of Title 18, United States Code, Section 371.

### COUNT TWO
#### (Passport Fraud – 18 U.S.C. § 1542)

D-3 SAMAR KHALIL SPINELLI

The general allegations set forth above are hereby incorporated by reference as if fully set forth herein.

On or about July 13, 2002, within the Eastern District of Michigan, Southern

9

Division, and elsewhere, SAMAR KHALIL SPINELLI, defendant herein, willfully and knowingly used U.S. Passport number 015269144, the issue of which was secured through a long series of false statements through which defendant fraudulently procured her United States citizenship, all in violation of Title 18, United States Code, Section 1542.

STEPHEN J. MURPHY
United States Attorney

ERIC M. STRAUS
Chief, National Security Unit

KENNETH R. CHADWELL
Assistant United States Attorney

MARK J. JEBSON
Special Assistant United States Attorney

Dated: December 4, 2007

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>07-20156 |
| --- | --- | --- |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
| --- | --- |
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes      ☒ No | **AUSA's Initials:**    KRC |

**Case Title:** USA v.  Samar Khalil Spinelli

**County where offense occurred :**  Wayne

**Check One:**      ☒ **Felony**           ☐ **Misdemeanor**           ☐ **Petty**

_____Indictment/__X__Information --- **no** prior complaint.
_____Indictment/_____Information --- based upon prior complaint [**Case number:** ]
_____Indictment/_____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information:

**Superseding to Case No: 07-20156**                    **Judge:  Cohn**

☐      Original case was terminated; no additional charges or defendants.
☐      Corrects errors; no additional charges or defendants.
☐      Involves, for plea purposes, different charges or adds counts.
☒      Embraces same subject matter but adds the additional defendants or charges below.

| **Defendant name** | **Charges** |
| --- | --- |
| D-3     Samar Khalil Spinelli | 18 U.S.C. §§ 371, 1542 |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

December 4, 2007
Date

Kenneth R. Chadwell
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:  (313) 226-9698
Fax: (313) 226-3413
E-Mail address:  ken.chadwell@usdoj.gov
Attorney Bar #:  P39121

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/20/04