UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,             No. 07-20156

-vs-                                 Hon. Avern Cohn

D-3 SAMAR KHALIL SPINELLI,
a/k/a "Samar Khalil Deladurantaye,"
a/k/a "Samar Khalil Nabbouh,"

                Defendant.

_____/



## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant SAMAR KHALIL SPINELLI and the government agree as follows:

### 1.   GUILTY PLEA(S)

#### A.   Count(s) of Conviction

Defendant will waive grand jury indictment and enter a plea of guilty to **Counts One and Two** of the Fourth Superseding Information.  Count One charges Conspiracy for which the maximum penalty is 5 Years imprisonment and a $250,000 fine; Count Two charges Passport Fraud for the which the maximum penalty is 10 Years imprisonment and a $250,000 fine.

#### B.   Elements of Offense(s)

The elements of Count One (Conspiracy) are:

    (1) Two or more persons conspired and agreed to defraud the United States and to commit the offenses against the United States referenced in the Information;

(2) Defendant deliberately joined or became a member of the conspiracy having knowledge of its purposes; and

(3) The conspirators committed at least one overt act in furtherance of the conspiracy and to effect the objects of the conspiracy.

The elements of Count Two (Passport Fraud) are:

(1) Defendant used a passport;

(2) The passport was obtained in any way through one or more false statements; and

(3) Defendant did so knowingly and intentionally.

## C.    Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea:

From April 13, 1990 through September 21, 2007, SAMAR KHALIL SPINELLI conspired with Nada Nadim Prouty, Elfat Nadim El Aouar, and others to defraud the United States of valuable benefits of U.S. citizenship including U.S. government employment, security clearances, passports etc., and to commit offenses against the United States including marriage fraud, naturalization fraud, passport fraud and use of fraudulently procured proof of citizenship. In furtherance of the conspiracy and to effect its objects, SAMAR SPINELLI committed the following overt acts: 1.) SPINELLI entered into a fraudulent marriage with U.S. citizen Jean Paul Deladurantaye in St. Clair Shores, Michigan on April 13, 1990 for the purpose of evading U.S. immigration laws; 2.) SPINELLI submitted a series of false, fraudulent and forged documents and letters to immigration authorities verifying the validity of the fraudulent marriage in order to obtain permanent residency status and, later, U.S. citizenship. In fact, SAMAR SPINELLI hired Deladurantaye to marry her, never had any relationship with Deladurantaye or consummated the marriage, and never resided with Deladurantaye as husband and wife as she falsely represented throughout her A-file (alien file); 3.) On August 21, 1995, SPINELLI submitted a Complaint for Divorce to the Wayne County, Michigan Circuit Court falsely stating that she and Deladurantaye "lived and cohabited together as husband and wife;" 4.) On October 31, 1995, SPINELLI submitted an affidavit to the Wayne County, Michigan Circuit Court falsely stating that Jean Paul Deladurantaye then resided at 21188 Outer Drive in Dearborn, Michigan; 5.) Defendant SPINELLI defrauded the Federal Bureau of Investigation into hiring Nada Nadim Prouty, on or about October 13, 1998 by serving as a reference for her and withholding derogatory information about Prouty from the FBI; and 6). On or about September 8, 2007, SPINELLI told Prouty about the content of her

recent interview by the FBI about the jointly conducted marriage frauds.

SAMAR KHALIL SPINELLI utilized her fraudulently procured naturalization as a U.S. citizen to obtain a U.S. passport on or about August 8, 1994.  Knowing that she had obtained the U.S. passport through a long series of false statements leading up to her naturalization, SPINELLI used the passport in Wayne County, Michigan on July 13, 2002.

2.    SENTENCING GUIDELINES

A.    Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

B.    Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is 6 to 12 months, as set forth on the attached worksheets.  If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 6 to 12 months, the higher guideline range becomes the agreed range.  However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding

- 3 -

increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above. Apart from the actual calculation of the sentencing guideline range, this agreement does not limit defendant's ability to argue for a sentence below the stipulated sentencing guideline range based upon the sentencing factors of 18 U.S.C. § 3553.

3.    SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.    Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the mid-point of the sentencing guideline range as determined by Paragraph 2B. Moreover, the government will not oppose defendant's request to be sentenced in accordance with any of the sentencing options identified at U.S. Sentencing Guideline § 5C1.1(c) applicable to Zone B of the sentencing table.

B.    Supervised Release

A term of supervised release may follow any term of imprisonment. The Court may impose a term of supervised release on count one and two of up to 3 years on each count. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

It shall be a special condition of supervised release and/or probation that defendant not remain in the U.S. Marine Corps.

### C.   Special Assessment(s)

Defendant will pay a special assessment of **$200** and must provide the government with a receipt for the payment before sentence is imposed.

### D.   Fine

The Court may impose a fine on each count of conviction in any amount up to **$250,000**.

### E.   Restitution

Restitution is not applicable to this case.

### 4.   EXIT DEBRIEFINGS.

Defendant will also fully and truthfully cooperate with the United States Marine Corps on any matters the government deems necessary to transition defendant out of its employment in a manner consistent with safeguarding the national security of the United States.  Such cooperation is to include, but is not limited to, defendant's participation in debriefing, exit interviews and polygraph interviews with the Marine Corps and the Naval Criminal Investigative Service.  Defendant also agrees to be interviewed under the terms of the government's standard Kastigar agreement, by members of the United States Attorney's Office.  Defendant understands that agents of the Federal Bureau of Investigation, Immigration and Customs Enforcement and the Diplomatic Security Service, U.S. Department of States may also be present for such interviews.

5.    OTHER CHARGES.

The government agrees not to charge defendant with any other offenses of which it is currently aware.

6.    EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty pleas, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

7.    RIGHT TO APPEAL

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right she has to appeal her conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

8.    CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)

If defendant is allowed to withdraw her guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges

are filed against defendant within six months after the date the order vacating defendant's conviction or allowing her to withdraw her guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 9.  PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10.  SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.  It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court.  Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property,  by the United States or any other party.

**11.    ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the

United States Attorney by 5:00 P.M. on December 3, 2007.  The government reserves the

right to withdraw from this agreement any time before the entry of defendant's guilty plea.

STEPHEN J. MURPHY
*United States Attorney*

—————————————————                                      —————————————————
ERIC M. STRAUS                                                              KENNETH R. CHADWELL
*Assistant United States Attorney*                              *Assistant United States Attorney*
*Chief, National Security Unit*

—————————————————
MARK J. JEBSON
*Special Assistant U.S. Attorney*

Date: December 3, 2007

By signing below, defendant acknowledges that she has read (or been read) this
entire document, understands it, and agrees to its terms.  She also acknowledges that she
is satisfied with her attorney's advice and representation.  Defendant agrees that she has
had a full and complete opportunity to confer with her attorney, and has had all of her
questions answered by her attorney.

—————————————————                                      —————————————————
CHRISTOPHER A. ANDREOFF                                      SAMAR KHALIL SPINELLI
*Attorney for Defendant*                                              *Defendant*

- 8 -

# WORKSHEET A   (Offense Levels)

Defendant:   Samar Khalil Spinelli                    Count(s):        1 & 2

Docket No.:   07-20156                                Statute(s):   18 U.S.C. §§ 371, 1542

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2L2.2(a) | Naturalization Fraud/ Conspiracy | 8 |
| 2L2.2(b)(3) | Passport Use | 4 |
|  |  |  |
|  |  |  |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**12**

*********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*   √

*If the defendant has no criminal history, check this box and skip Worksheet C.*   √

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

## Instructions   (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNTS ____1 & 2_____**
   **ADJUSTED OFFENSE LEVEL**

   | 12 | | 1   unit |

2. **GROUP TWO: COUNTS _____**
   **ADJUSTED OFFENSE LEVEL**

   | | | unit |

3. **GROUP THREE: COUNTS _____**
   **ADJUSTED OFFENSE LEVEL**

   | | | unit |

4. **GROUP FOUR: COUNTS _____**
   **ADJUSTED OFFENSE LEVEL**

   | | | unit |

5. **TOTAL UNITS**

   | 1   unit |

6. **INCREASE IN OFFENSE LEVEL**

   | 1 unit ➜ no increase | 2½-3 units ➜ add 3 levels |
   | 1½ units ➜ add 1 level | 3½ -5 units ➜ add 4 levels |
   | 2 units ➜ add 2 levels | >5 levels ➜ add 5 levels |

   | 0 |

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

   | 12 |

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

   | 12 |

# WORKSHEET D   (Guideline Range)

**1.     (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

| 12 |

**2.     ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY   (U.S.S.G § 3E1.1)**

| -2 |

**3.     TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

| 10 |

**4.     CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

| I |

**5.     CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.   Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.     GUIDELINE RANGE FROM SENTENCING TABLE   (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

| 6 to 12   months |

**7.     STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

**1.    PROBATION (U.S.S.G. ch. 5, pt. B)**

    a.   Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

☐    1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

☐    2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

☑    3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b.   Length of Term of Probation  (U.S.S.G. § 5B1.2)

☑    1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

☐    2.   No more than 3 years (total offense level < 6).

    c.   Conditions of Probation  (U.S.S.G. § 5B1.3)

The court must impose certain conditions of probation and may impose other conditions of probation.

**2.    SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

☐    a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

☑    b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

**3.    IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

**(WORKSHEET E,  p. 2)**

## 4. SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)

    a.  <u>Imposition of a Term of Supervised Release</u>  (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.  <u>Length of Term of Supervised Release</u>  (U.S.S.G. § 5D1.2)

- [ ] 1.  At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

- [✓] 2.  At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

- [ ] 3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

- [ ] 4.  The statute of conviction requires a minimum term of supervised release of _____ months.

    c.  <u>Conditions of Supervised Release</u>  (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

- [ ] 1.  The court will determine whether restitution should be ordered and in what amount.

- [ ] 2.  Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute.  (*See, e.g.,* 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

- [ ] 3.  The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3).)

- [ ] 4.  The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

- [✓] 5.  Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

6.    FINE  (U.S.S.G. § 5E1.2)

    a.  Fines for Individual Defendants

        The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine."  (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

    b.  Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $ __2,000__ | $ __250,000__ |

7.    SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

    The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

        $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
        $ 25.00 for every count charging a Class A misdemeanor,
        $ 10.00 for every count charging a Class B misdemeanor, and
        $  5.00 for every count charging a Class C misdemeanor or an infraction.

    The defendant must pay a special assessment or special assessments in the total amount of $__200__.

8.    ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

    List any additional applicable guideline, policy statement, or statute.

    _____

9.    UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

    _____

    _____

    _____                (rev. 06/99)