**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

                            Criminal Case No 07-20156
vs.                       **HONORABLE AVERN COHN**

D-3 SAMAR KHALIL SPINELLI,

      Defendant.

_____/

**KENNETH R. CHADWELL (P39121)**
Assistant U.S. Attorney
211 W. Fort St., Suite 2100
Detroit, MI 48226
(313) 226-9100

**CHRISTOPHER A. ANDREOFF (P10193)**
Jaffe, Raitt, Heuer & Weiss, PC
Attorney for Defendant
27777 Franklin Road, Suite 2500
Detroit, MI 48034
(248) 351-3000

_____/

**DEFENDANT SAMAR KHALIL SPINELLI'S**
**SENTENCING MEMORANDUM**

Defendant Samar Khalil Spinelli ("Defendant"), through her counsel, Christopher A. Andreoff of Jaffe, Raitt, Heuer, & Weiss, P.C., respectfully submits this Memorandum regarding issues relevant to sentencing.

**I.     INTRODUCTION**

This Memorandum is an attempt to assist the Court in arriving at a just sentence in light of the Supreme Court's decisions in *United States v Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), *Gall v. United States*, _____ U.S _____, 128 S. Ct. 586 (2007) *Rita v. United States*, _____ U.S. _____, 127 S. Ct. 2456 (2007), and the statutory authority of 18 U.S.C §3553(a). Sentencing is currently scheduled for May 12, 2008.

1533766 01

## II.  PLEA AGREEMENT

On December 4, 2007 Defendant pled guilty to Count One of the Fourth Superseding Information which charged her with the offense of Conspiracy to Defraud the United States in violation of 18 U.S.C. §371 and Count Two Passport Fraud in violation of 18 U.S.C. §1542.

Pursuant to the Rule 11 Plea Agreement ("Agreement") the Total Offense Level is 10 with an applicable guideline range of 6 to 12 months. According to the Agreement any contemplated period of incarceration is capped at the mid-point (9 months) of the sentencing guideline range.

## III.  THE SENTENCING GUIDELINES

Since this Court must still consider the Sentencing Guidelines as one factor under 18 U.S.C. §3553(a), the Court must still perform a Guidelines analysis, including resolving factual disputes by making independent determinations based on reliable evidence. However, the Guideline range is no longer the binding or presumptive consideration. *See United States v Webb*, 403 F.3d 373, 383 (6th Cir. 2005); *United States v Jackson*, 408 F.3d 301 (6th Cir. 2005). Instead, it is one factor to be considered among all the traditional sentencing considerations contained in §3553(a). *Gall,* at 128 S Ct 596. The Court's discretionary sentence, rendered after considering those factors, will be reviewed only for "unreasonableness." *United States v Vonner*, 452 F3d 560 (6th Cir. 2006); *United States v Jones*, 399 F3d 640, 650 (6th Cir. 2005); *Webb* at 383.

### A.  The Court Should Consult, But Not Presumptively follow, the Guidelines

Under §3553(a), the Guidelines are neither the first nor the primary consideration. The first requirement under §3553(a) is consideration of the individual circumstances of the offense and the offender. §3553(a)(1). The second requirement is consideration of all of the traditional purposes of

1533766 01                                              2

sentencing: punishment, deterrence and rehabilitation. *See* §3553(a)(2)(A)-(D). It appears that these traditional sentencing concerns are once again, under §3553(a), a sentencing court's primary considerations. *See United States v Jackson*, 408 F3d 301, 304 (6th Cir. 2005); *United States v Foreman*, 436 F3d 638,644 (6th Cir. 2006); *Webb* at 383.

In *United States v Johnson*, 467 F3d 559 (6th Cir. 2006), the Court held at Page 563 of the Opinion:

> Under this new scheme, "district courts are required to consider the applicable Guidelines sentencing range when arriving at a defendant's sentence, but only as one factor of several laid out in §3553(a)." *Id.* (internal citations omitted). As such, this Court "may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. §3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Webb*, 403 F3d at 383 (internal quotations omitted). "A sentence within the Guidelines carries with it no implication that the district court considered the 3553(a) factors if it is not clear from the record." *Foreman*, 436 F3d at 644.

## IV.   SECTION 3553(a) FACTORS

After *Booker 's* invalidation of mandatory sentencing guidelines, the Court must now render a sentence under the remaining provisions of the Sentencing Reform Act. In particular, the Court must consider the sentencing factors prescribed in 18 U.S.C. §3553(a). That statute provides:

> **(a) Factors to be considered in imposing a sentence.** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider
>
> > **(1)**    the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > **(2)**    the need for the sentence imposed
> >
> > > **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

JAFFE RAITT HEUER & WEISS, P.C.

1533766 01                          3

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established [under the Sentencing Guidelines];

**(5)** any pertinent policy statement [issued by the Sentencing Commission];

**(6)** the need to avoid unwanted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense

**A.** **The Sentence Must Be Sufficient, But Not Greater Than Necessary to Achieve the Purposes of Sentencing Under 18 U.S.C. §3553(a)**

The first command of §3553(a) is that the Court impose a sentence "sufficient, *but not greater than necessary,*" to serve the purposes of sentencing enumerated in §3553(a)(2). §3553(a) (emphasis added). *See Foreman* at 436 F3d 643; *United States v. Cage,* 458 F3d 551, 540 (6th Cir 2006).

Thus, the District Judge's discretionary consideration of the purposes of sentencing, as enumerated in §3553(a)(2), is no longer limited to picking a sentence within the Guidelines range, but instead governs the Court's entire sentencing analysis, including its selection of a sentence within statutory limits.

1533766 01                                                     4

Consequently, it appears that judges have been restored their discretion which permits them to take into account all of the circumstances of the defendant before them. §3553(a), (a)(1); *See also United States v Cruz*, 461 F3d 752, 754 (6th Cir 2006).

## V. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Applying §3553(a), as directed in *Booker*, a Court's first and overall obligation is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." §3553(a)(1). Coupled with the directive to "impose a sentence sufficient, but not greater than necessary," to satisfy the purposes in §3553(a)(2), the statute thus mandates particular and individualized consideration of both the offense and the offender before the Court. The principal effect of *Booker*, then, and the primary directive of §3553(a), is to restore individualized sentencing of individual defendants.

Therefore, counsel for Defendant is requesting that the Court follow current Sixth Circuit precedent, and 18 U.S.C §3553(a) by reviewing the nature and circumstances of the offense, and each of the following factors before imposing sentence:

(1) Defendant's age and marital status;
(2) Employment record;
(3) Family ties;
(4) Criminal History;
(5) Socio-economic status;
(6) Education and vocational skills; and the
(7) History and characteristics of the Defendant.

### A. Nature and Circumstances of the Offense

As reflected in the Presentence Investigation Report ("PSIR") Defendant at 20 years old entered this country in 1989 on a two-year non-immigrant student visa. In order to remain in this country she subsequently entered into a fraudulent marriage at the age of 21 in 1990 with Jean Paul Deladurantaye.

On August 21, 1995 Defendant filed for divorce which was granted in the Wayne County Circuit Court. Prior to the divorce, Defendant acquired her U.S. passport on August 18, 1994 and her U.S. citizenship on September 2, 1994. Paragraphs 8 through 10 of the PSIR reflect the impact of the fraudulent marriage upon Defendant's citizenship and passport.

## B.      Defendant's Background

Defendant was born in 1968 in Lebanon and was raised for most of her formative years in Beirut. She is currently a Major Select in the U.S. Marine Corps ("USMC"), married USMC Captain Gary Spinelli in 1995, and has two children ages 11 and 5.

## C.      Education

Defendant attended International College in Beirut, Lebanon, and from 1986 to 1989 attended American Lebanese University. After arriving in the United States in 1989, she attended Detroit College of Business for one year, leaving to join the USMC in late 1990.

While in the military, she attended and graduated in 1997 from Strayer University, located in Woodbridge, Virginia. She obtained her Bachelor of Science Degree in Computer Information Systems graduating with high honors.

## D.      Military Service

Within 18 months of arriving in the United States, Defendant was inducted into the USMC on December 21, 1990. After 10 months she was promoted to Corporal which status she maintained until 1995.

After attending Officer Candidate School in 1997 she became a Second Lieutenant in the USMC. In 2001 Defendant was promoted to the rank of Captain, and most recently obtained the rank of Major Select.

1533766 01                                          6

1.    **USMC Fitness Reports**

Defendant has submitted to the Court, U.S. Probation Officer Joan M. Pigott and Assistant

U.S. Attorney Kenneth Chadwell ten (10) USMC Fitness Reports which cover the period of June 28,

2001 through September 3, 2007. Defendant has not received a Fitness Report in 2008.

For the last seven years Defendant has exceeded expectations by being rated as a "highly

qualified" marine, and in most instances an "exceptionally qualified marine" which is only given to

those select officers who are held in high regard and have distinguished themselves in their service to

this country and to the USMC.

In Defendant's most recent Fitness Report (which covers the period of 6/1/2007 – 9/3/2007)

her evaluation reads in pertinent part at Page 5 of the Report:

> "... an exceptionally capable leader, always eager to take on difficult
> assignments without hesitation or concern for personal safety ... Capt. Spinelli
> skillfully performed in multiple roles and consistently got the job done with
> confidence, reliability and courage in a very volatile high threat area.
> Promote, assign to command and retain."

In the same 2007 report, one of her reviewing Lieutenant Colonels further wrote:

> "... She was able to successfully advise, train and mentor senior civilian
> police forces... towards a single goal of supporting the transition of authority
> to Iraqi control... she has been a key member of our team. Her selflessness
> and dedication to mission accomplishment are second to none. She is truly an
> outstanding officer who must be promoted at the earliest opportunity, assign
> to command and retain."

2.    **Character Letters**

Counsel for Defendant has submitted to the Court eight (8) character letters from various

USMC officers and non-military individuals who speak highly of Defendant's 17 year commitment

to her family, her two tours of duty in Iraq, and their request that this Court take into account the

many sacrifices she has made in service to this country when deciding upon the appropriate sentence

to impose in this case.

JAFFE RAITT HEUER & WEISS, P.C.

1533766 01                                    7

What is clear in many of the letters is that although she made a serious mistake in obtaining her citizenship under the wrong circumstances she did so because of her sincere desire to escape her abusive past and to embrace a country which would provide her with the freedom to grow as an intelligent, ambitious and accomplished woman.

Unfortunately, the Government's decision to prosecute has ended her career in the military, and has left her with an unsettled future. She has tended her resignation and awaits further action by the USMC in relation to her discharge from the military.

### 3 Commendations and Awards

During Defendant's tenure in the USMC she has continually distinguished herself by volunteering for military service (two tours in the Iraqi conflict), her exceptional time dedicated to various charitable organizations, and the numerous military awards she has received for outstanding military performance.

Attached to this Memorandum as Exhibit A is the Individual Awards Report (reflecting a summary of 25 awards and medals), copies of Certificates, the Iraqi Campaign Medal, Certificates of Commendation, the Navy Commendation Medal, letters reflecting her charitable works, the Army Achievement Medal, submitted for Bronze Star Medal in November, 2006, and the Joint Service Commendation Medal. Also attached is a letter, among others, from the Army Commanding Major General dated March 6, 2007 specifically requesting Defendant for deployment to Iraq for her Arabic fluency to assist the Army for a 6-month tour.

The submitted awards are clear evidence of Defendant's 17 years of outstanding dedication to the USMC, and to this country.

1533766 01

8

## VI.    CONCLUSION

Defendant has admitted responsibility for the offenses, and for over five (5) months has suffered great anxiety and stress over what sentence this Court would impose and the military proceedings that will follow her resignation. After *Booker*, the sentencing guidelines are not binding and courts have discretion to impose split sentences, or sentences of probation, even when a defendant falls within Zone D of the sentencing table. Many courts have done precisely this. *See, e.g., United States v Jones*, 352 F. Supp. 2d 22, 25 (D. Maine 2005) (varying from guidelines to impose sentence of home detention despite fact that departure under sentencing guidelines not warranted); *United States v. Kelley*, 355 F. Supp. 2d 1031 (D. Neb. 2005) (sentence of home detention); and *United States v. Anderson*, 365 F. Supp. 2d 67 (D. Maine 2005) (split sentence).

Therefore, this Court has the discretion to impose any sentence it feels is appropriate, from a term of probation to a period of confinement.

Defendant should be considered a serious candidate for probation based upon the facts and circumstances in this case. The facts surrounding the offenses occurred many years ago. She is married, has two children and been in the military for over 16 years. Justice is certainly served by a sentence of probation. Defendant recognizes the seriousness of the offenses; she is not attempting to avoid this reality.

In making this recommendation to the Court, it is important to examine what Defendant has already suffered as a result of her conduct and this prosecution. Defendant will suffer the loss of her military career, her retirement privileges and benefits and her income. While these consequences are not a complete substitute for judicial punishment, they are critically important to assessing what further punishment is necessary in this case. Because such consequences satisfy some of the purposes of punishment, they are widely recognized as grounds for departure under the sentencing guidelines. *See e.g., United States v Speed Joyeros, S.A.*, 204 F. Supp. 2d 412, 439-40 (E.D.N.Y.

2002); *United States v. Redemann*, 295 F. Supp. 2d 887, 894-97 (E.D. Wis. 2003); and *United States v. Gaind*, 829 F. Supp. 669, 670-71 (S.D.N.Y. 1993).

For all the foregoing reasons, Counsel for Defendant respectfully urges this Court to depart from the Sentencing Guidelines, and to impose a sentence which provides for a limited period of probation.

JAFFE, RAITT, HEUER & WEISS
Professional Corporation

By:     /s/ Christopher A. Andreoff
        Christopher A. Andreoff (P10193)
        Attorney for Defendant
        27777 Franklin Road, Suite 2500
        Southfield, MI 48034
        (248) 351-3000
        candreoff@jaffelaw.com

Dated: May 1, 2008